1  JOHN D. GIFFIN, CASB NO. 89608
   KEESAL, YOUNG & LOGAN
2  A Professional Corporation
   Four Embarcadero Center
3  Suite 1500
   San Francisco, California 94111
4  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
5
6
   Attorney for:
7  CSL International Inc.
8
                    UNITED STATED DISTRICT COURT
9
                    NORTHERN DISTRICT CALIFORNIA
10
11
12
13 COMPANIA MINERA CAOPAS, S.A. de    )  Case No. C 07 04722 (WHA)
   C.V.,                             )
14                                   )  **ANSWER TO AMENDED VERIFIED**
                         Plaintiff,  )  **COMPLAINT**
15                                   )
16            vs.                    )
                                     )
17 M/V CSL ACADIAN, her engines, tackle )
   and appurtenances, *in rem* et. al.  )
18                                   )
                         Defendants. )
19 _____)
20
21     On behalf of Defendant CSL INTERNATIONAL INC., appearing specially,
   responds to Plaintiff's Amended Complaint as follows:
22
23     1.    Defendant CSL INTERNATIONAL INC. admits Paragraphs 13, 14, 15, 19,
   21, 22 and 25 of Plaintiff's Amended Complaint.
24
       2.    Defendant CSL INTERNATIONAL INC. denies, in their entirety, the
25
   allegations contained in Paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 16, 17, 18, 23, 26, 28, 29
26
   (duplicate), 31, 32, 33, 34, 36, 37, 38, 40 and 42 of Plaintiff's Amended Complaint.
27
       3.    CSL INTERNATIONAL INC. has insufficient information to respond to
28
   those allegations contained in Paragraphs 11, 12 and 24 of Plaintiff's First Amended

                                    - 1 -                        KYL_SF458060

Complaint and therefore based upon its lack of information and belief, Defendant CSL INTERNATIONAL INC. denies the allegations contained therein in their entirety.

4.     To the extent that the Plaintiff incorporates by reference allegations contained in Paragraphs 27, 29 (duplicate), 30, 35 and 39 in the Amended Complaint, so does Defendant CSL INTERNATIONAL INC. incorporate herein its responses thereto.

5.     In response to Paragraph 3 of the Amended Complaint, CSL INTERNATIONAL INC. admits that the Defendant M/V CSL ACADIAN will be within this judicial district during the pendency of this action.  All other allegations contained therein are denied.

6.     In response to Paragraph 9 of the Amended Complaint, CSL INTERNATIONAL INC. admits that the Defendant M/V CSL ACADIAN will be present within this judicial district during the pendency of this action.  All other allegations contained therein are denied.

7.     In response to Paragraph 20 of the Amended Complaint, CSL INTERNATIONAL INC. admits that FB Shipping, Inc. as Claimant at the time of the incident alleged in the Amended Complaint, was and is the owner of the M/V CSL ACADIAN.  All other allegations therein are denied in their entirety.

8.     In response to Paragraph 41 of the Amended Complaint, CSL INTERNATIONAL INC., admits that the Defendants, with the exception of the M/V CSL ACADIAN, are not within the jurisdiction of this Court.  All other allegations contained therein are denied in their entirety.

## AFFIRMATIVE DEFENSES

9.     FOR ITS FIRST AFFIRMATIVE DEFENSE, Defendant CSL INTERNATIONAL INC. states that this Court lacks jurisdiction over CSL International Inc. and each and every cause of action therein.

10.     FOR ITS SECOND AFFIRMATIVE DEFENSE, Defendant CSL INTERNATIONAL INC. states, on information and belief, that the Plaintiff was not the owner of the structure which is alleged in the Complaint to have been damaged and

- 2 -

1  therefore Plaintiff lacks standing to assert those claims alleged in the Amended

2  Complaint.

3       11.    FOR   ITS   THIRD  AFFIRMATIVE  DEFENSE, Defendant  CSL

4  INTERNATIONAL INC. states that Plaintiff's Complaint fails to state a claim upon

5  which relief may be granted.

6       12.    FOR   ITS   FOURTH  AFFIRMATIVE  DEFENSE, Defendant  CSL

7  INTERNATIONAL INC. states that Plaintiff's claims against CSL International, Inc.,

8  the CSL Group and Canada Steamship Lines are improper, as those companies, at all

9  relevant times, did not own or operate the M/V CSL ACADIAN.

10       13.    FOR   ITS   FIFTH  AFFIRMATIVE  DEFENSE, Defendant  CSL

11  INTERNATIONAL INC. states that the incident as alleged in Plaintiff's Complaint does

12  not give rise to a maritime lien against the M/V CSL ACADIAN.

13       14.    FOR   ITS   SIXTH  AFFIRMATIVE  DEFENSE, Defendant  CSL

14  INTERNATIONAL INC. asserts that Defendants' liability, if any, is limited to

15  Defendants' interest in the vessel M/V CSL ACADIAN at the end of her voyage in

16  question, plus pending freight, pursuant to 46 U.S.C. § 183.

17       15.    FOR   ITS   SEVENTH AFFIRMATIVE  DEFENSE, Defendant  CSL

18  INTERNATIONAL INC. states that Plaintiff failed to mitigate its alleged damages, and

19  its recovery herein, if any, should be diminished in an amount equivalent to that portion

20  of damages which Plaintiff could have mitigated.

21

22       16.    FOR   ITS   EIGHTH  AFFIRMATIVE  DEFENSE, Defendant  CSL

23  INTERNATIONAL INC. states that the Northern District of California is an

24  inconvenient and otherwise improper forum for these proceedings. Neither Plaintiff nor

25  the alleged incident have any connection to the United States. This Court should decline

26  jurisdiction under the doctrine of *forum non conveniens*.

27

28

KYL_SF458060

ANSWER TO AMENDED VERIFIED COMPLAINT – Case No. C 07 4722 (JCS)

1

2

3

DATED:  November 14, 2007

4                                                           /s/ John D. Giffin

5                                                           JOHN D. GIFFIN
                                                            KEESAL YOUNG & LOGAN
6                                                           Attorneys for Claimant FB SHIPPING,
                                                            INC. and the M/V CSL ACADIAN, *in rem*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF458060

ANSWER TO AMENDED VERIFIED COMPLAINT  – Case No. C 07 4722 (JCS)