TIMOTHY R. LORD, SB# 213062
E-Mail: lord@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Plaintiff
COMPANIA MINERA CAOPAS, S.A. de C.V.


JOHN D. GIFFIN, SB# 89608
KEESAL YOUNG & LOGAN
4 Embarcadero Center, Suite 1500
San Francisco, CA 94111

Attorneys for Defendant
FB SHIPPING INC., making a restricted appearance and
CSL INTERNATIONAL, INC. appearing specially

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMPANIA MINERA CAOPAS, S.A. de C.V.,<br><br>Plaintiff,<br><br>v.<br><br>THE M/V CSL ACADIAN (IMO NO.8009571), HER ENGINES, TACKLE, FURNITURE, MACHINERY, EQUIPMENT AND APPURTENANCES AND FREIGHTS, ETC., *in rem*; and CSL INTERNATIONAL, INC., THE CSL GROUP; CANADA STEAMSHIP LINES; FB SHIPPING, INC.; *in personam*;<br><br>Defendants. | CASE NO. C 07-04722 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>*[PURSUANT TO L.R. 16-9]*<br><br>**IN ADMIRALTY**<br><br>Date: December 20, 2007<br>Time: 11:00 a.m.<br>Ctrm: 9 |

- 1 -

Pursuant to Local Rule 16-9, Plaintiff COMPANIA MINERA CAOPAS, S.A. de C.V. (hereinafter Plaintiff) and FB SHIPPING INC., making a restricted appearance and CSL INTERNATIONAL, INC. appearing specially (collectively referred to as ("the parties") hereby submit their Joint Case Management Conference Statement.

1. **Jurisdiction and Service**

   A. **Subject Matter Jurisdiction**

   Plaintiff asserts this court has admiralty subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. 1333(1).

   Defendant reserves the right to object to the Court's jurisdiction on the basis that the incident alleged in Plaintiff's Complaint occurred in Mexico and not in the United States and further on the basis of Defendants' limited contacts with the jurisdiction and on the grounds of forum non conveniens.

   B. ***In rem* and *in personam* Jurisdiction**

   This Court has *in rem* jurisdiction over the M/V CSL ACADIAN by the issuance of a Letter of Undertaking in the amount of $7,700,000 that was provided to Plaintiff in lieu of service of process by arrest of the M/V CSL ACADIAN *in rem* defendant.

   Pursuant to its terms, *in personam* defendant FB SHIPPING, INC. filed a Claim of Owner and Answer on behalf of *in rem* defendant, the M/V CSL ACADIAN and also made a restricted appearance.

   FB SHIPPING, making a restricted appearance, and CSL INTERNATIONAL, INC. have both asserted affirmative defenses that this Court lacks jurisdiction over the subject matter of the Plaintiff's claim as well as personal jurisdiction over the *in personam* defendants.

   C. **Service of Process**

   *In personam* Defendant CSL INTERNATIONAL, INC. was served and filed an Answer.

   Service of Process was effected on *in rem* defendant the M/V CSL ACADIAN by issuance of the Letter of Undertaking on its behalf. *In personam* defendant FB

1  SHIPPING, INC. filed a Restricted Appearance to defend on behalf of *in rem* defendant,
2  the M/V CSL ACADIAN.
3     The other named defendants have not responded to plaintiff's request for Waiver
4  of Service and Summons sent to identified counsel for *in personam* defendants FB
5  SHIPPING, INC., CANADA STEAMSHIP LINES and THE CSL GROUP.
6     Consequently, plaintiff is in the process of effecting proper service on each of these
7  entities as allowed under the Federal Rules and will seek the costs associated thereto.
8  **2.    Facts**
9     Plaintiff owns and operates a gypsum quarry and pier terminal (hereinafter "CMC
10 Terminal") located in or near Santa Rosalia, Baja California Sur, Mexico. Defendant
11 disputes Plaintiff's ownership of the Terminal.
12    *In personam* defendant FB SHIPPING, INC. owns *in rem* defendant the M/V CSL
13 ACADIAN, a Bahamian-flagged bulk carrier motor vessel in excess of 45,000 gross tons
14 weight and 240 meters length.
15    Plaintiff alleges that *in personam* defendants CSL INTERNATIONAL, INC., THE
16 CSL GROUP; CANADA STEAMSHIP LINES, or other entities as yet to be determined,
17 either jointly own or operate or are otherwise legally responsible for the conduct of *in
18 rem* defendant the M/V CSL ACADIAN alleged in this action. Defendant disputes these
19 allegations.
20    On May 27, 2007 the M/V CSL ACADIAN sailed from the port of San Marcos,
21 Baja California Sur with a load of approximately 50,000 metric tons of bulk materials on
22 board to the CMC Terminal to load approximately 20,000 metric tons of gypsum for
23 delivery to ports in California.
24    Plaintiff alleges that on approach to the CMC Terminal, the M/V CSL ACADIAN
25 allided with and otherwise destroyed and severely damaged CMC Terminal mooring
26 dolphin(s) and caused other structural damage to CMC Terminal structures. Defendant
27 disputes these allegations.
28    Plaintiff has made temporary repairs as needed to maintain its Terminal

1 operations and is currently in the process of performing permanent repairs to restore the
2 Terminal to its condition prior to the allision.  The Defendants contend that the vessel
3 did not cause the damage claimed by the Plaintiff.
4     This action was filed and a Letter of Undertaking to plaintiff in the amount of its
5 *Ad damnum*, $7,7000,000.
6     **3.    Legal Issues**
7         A.    Whether the alleged allision and alleged resulting damages to the
8 CMC Terminal were caused by the conduct of *in personam* defendants CSL
9 INTERNATIONAL, INC., THE CSL GROUP; CANADA STEAMSHIP LINES and FB
10 SHIPPING, INC. (hereinafter collectively "*in personam* defendants") by their breach of
11 the duty of care and good seamanship; negligence; negligence per se; unseaworthiness
12 and other violations of applicable legal duties, standards and customs governing
13 navigation including the rules and standards contained in the International Regulations
14 for Preventing Collisions at Sea, October 20, 1972, 28 U.S.T. 3459, codified at 33 U.S.C.
15 § 1602, *et seq.* and other applicable laws and customs governing navigation.
16         B.    Whether by virtue of the statutory violations and negligence of the
17 M/V CSL ACADIAN and her owners, operators, agents and crew, if any, and the
18 unseaworthiness of the M/V CSL ACADIAN, if any, CMC has maritime lien under
19 general maritime law and a preferred maritime lien pursuant to § 31301(5)(B) of the
20 Commercial Instruments and Maritime Liens Act (hereinafter "CIMLA"), 46 U.S.C. §
21 31301, *et seq,* enforceable *in rem* pursuant to Supplemental Admiralty Rule C of the
22 Federal Rules of Civil Procedure.
23         C.    Whether, alternatively, if the *in personam* defendants cannot be
24 found within the jurisdiction of this court, but that certain of their assets are, or will be,
25 located within this District and within the jurisdiction of this Court, including but not
26 limited to: the M/V CSL ACADIAN, or other vessels, owned by defendants and that this
27 property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil
28 Procedure and sold to satisfy Plaintiff's claim.

      D.    Whether this Court has jurisdiction over the Defendants and over the subject matter of the Plaintiff's Complaint.

      E.    Whether, if the Court has *in personam* jurisdiction and subject matter jurisdiction, is this a convenient forum.

      F.    Whether the Plaintiff's claim is subject to limitation in accordance with 46 U.S.C. Sections 1 and 3.

### 4. Motions

#### A. Plaintiff

Plaintiff anticipates filing motion(s) for partial and complete summary judgment motion as appropriate.

#### B. Defendant

Defendant CSL INTERNATIONAL, INC. intends to bring a motion for summary judgment on the grounds that it did not own or operate the vessel M/V CSL ACADIAN. Further Defendants CSL INTERNATIONAL making a special appearance and FB SHIPPING making a restricted appearance may bring motions to dismiss the Plaintiff's claims based upon jurisdiction and forum non conveniens.

### 5. Amendment of Pleadings

Plaintiff may amend its pleadings to add other named defendants and causes of action as warranted by further discovery.

### 6. Evidence Preservation

#### A. Plaintiff

Plaintiff has taken the affirmative steps to preserve evidence as related to the issues presented in this action as required by the Federal Rules and this Court's Supplemental Order to Order Setting Initial Case Management Conference at ¶4.

#### B. Defendant

The Defendants have taken appropriate steps to preserve relevant evidence.

## 7. Disclosures

### A. Plaintiff

Plaintiff will make its Initial Disclosures prior to the Case Management Conference 2007 consisting in the main of statements in Spanish taken by government authorities and documentation of the repair and construction costs in support of its claims. Due to the ongoing nature of the repairs to the CMC Terminal and consequential loss related thereto, Plaintiff does not currently possess all the documents that will be used to support its claim but will timely supplement the Disclosures as required by the Federal Rules.

### B. Defendant

Defendant is currently accumulating documents and records and will make its required disclosure pursuant to Federal Rules of Civil Procedure Rule 26 prior to the Case Management Conference.

## 8. Discovery

### A. Plaintiff

No discovery has occurred. The parties have filed and incorporate herewith the Joint Rule 26(f) Report of the Parties.

Plaintiff will undertake discovery as allowed by the Federal Rules of Civil Procedure encompassing the full scope of the following factual and legal issues, including but not limited to:

1) The merits of defendants jurisdictional and venue claims;

2) The factual and legal issues related to the basis for each of the answering defendants' affirmative defenses;

3) Factual issues related to the cause of the allision;

4) Factual issues related to damages to the CMC Terminal caused by the allision.

Plaintiff seeks upward modification of the limitations on the amount of discovery for the reasons stated in the parties Rule 26(f) Report filed herewith.

      **B.**    **Defendant**

Assuming that the Court does not dismiss Plaintiff's claims, Defendants intend to take discovery in Mexico of various witnesses including persons familiar with the berthing and docking of the M/V CSL ACADIAN on May 27, 2007, as well as persons familiar with the condition of the structure prior to the docking of the vessel and subsequent repairs made to the dock after May 27, 2007. Defendants will also propound written discovery including interrogatories and requests for production of documents. Further Defendants anticipate that it will be necessary for expert witnesses to inspect the dock in Punta Santa Maria, Mexico.

**9.**    **Class Actions**

Not Applicable.

**10.**    **Related Cases**

Not Applicable.

**11.**    **Relief**

      **A.**    **Plaintiff**

Plaintiff seeks monetary relief from defendants of approximately $7,700,000 as follows:

Approximately $1,500,000 for temporary repairs to CMC Terminal structures, including costs of tug charter, engineering, procuring and installing temporary mooring buoys, surveys, reports to authorities, inspections, and other necessary expenses;

Approximately $4,100,000 in costs and expenses for permanent repairs to its Terminal structures;

Approximately $1,100,000 in consequential losses including lost profits and other revenue;

Approximately $1,000,000 in interest and costs.

      **B.**    **Defendant**

Defendants seek the dismissal of Plaintiff's Complaint in its entirety with the payment of costs and attorneys' fees.

### 12. Settlement and ADR

The parties have agreed to Private Mediation. Currently, it appears that the 90-day period to complete the ADR is too short.

### 13. Consent to Magistrate Judge For All Purposes

At least one of the parties does not consent.

### 14. Other References

Plaintiff believes that the damages portion of this action may benefit by the appointment of a Special Master versed in marine terminal construction and repair and related accounting issues. Defendants disagree.

### 15. Narrowing of Issues

Plaintiff seeks to narrow the issues due to the ongoing cost of repairs and construction and loss of use issues.

### 16. Expedited Schedule

Plaintiff seeks to expedite the trial schedule due to the ongoing cost of repairs and construction and loss of use issues and will fully cooperate with the taking of foreign discovery to accommodate this goal.

Defendants do not believe that an expedited schedule is necessary. The Plaintiff has chosen to initiate suit in a Federal District Court in a country where the alleged damage did not occur. Should the suit go forward in this forum conducting discovery in Mexico will slow the discovery process significantly making an expedited schedule impractical and likely impossible.

### 17. Scheduling

See above.

### 18. Trial

    A.    **Plaintiff**

Bench trial; approximately one month without stipulated facts.

    B.    **Defendant**

Defendants demand a jury trial. They anticipate that trial will take

approximately ten court days.

### 19. Disclosure of Non-Party Interested Entities or Persons

#### A. Plaintiff

Plaintiff has filed its Certificate of Interested Entities or Persons as required by LR 3-16.

#### B. Defendant

Defendants who have appeared to date have filed the Form of Certification pursuant to Civil L. R. 3 16.

### 20. Other

Not Applicable.

DATED: December 13, 2007        LEWIS BRISBOIS BISGAARD & SMITH LLP

                                By:   /s/ Timothy R. Lord
                                      Timothy R. Lord
                                      Attorneys for Plaintiff
                                      COMPANIA MINERA CAOPAS, S.A. de C.V.

DATED: December 13, 2007        KEESAL, YOUNG & LOGAN

                                By:   /s/ John D. Giffin
                                      John D. Giffin
                                      Attorneys for Defendants
                                      FB SHIPPING INC., making a restricted appearance and
                                      CSL INTERNATIONAL, INC., appearing specially

### CASE MANAGEMENT ORDER

The Case Management Conference Statement and [Proposed] Order is hereby adapted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____, 2007

                                                        _____
                                                        Hon. William H. Alsup
                                                        United States District Judge