# EXHIBIT A

## TO THE DECLARATION OF TIMOTHY R. LORD

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

COMPANIA MINERA CAOPAS, S.A. de C.V.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  C 070 4722 WHA

**V.**

SEE ATTACHED LIST OF DEFENDANTS

**TO:** (Name and address of defendant)

CSL INTERNATIONAL, INC.
WILDY BUSINESS PARK
WILDY ROAD
ST. MICHAEL, BARBADOS

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

TIMOTHY R. LORD, ESQ.
LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CA  94104
TELEPHONE: (415) 362-2580
FACSIMILE: (415) 434-0882
E-MAIL:  LORD@LBBSLAW.COM

an answer to the complaint which is herewith served upon you, within *20* days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE_____

_____
(BY) DEPUTY CLERK

THE M/V CSL ACADIAN (IMO NO. 8009571), her engines, tackle, furniture, machinery, equipment and appurtenances and freights, etc., *in rem*;

CSL INTERNATIONAL, INC., *in personam*;

THE CSL GROUP, *in personam*;

CANADA STEAMSHIP LINES, *in personam*; and

FB SHIPPING, INC., *in personam*.

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

COMPANIA MINERA CAOPAS, S.A. de C.V.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  C 070 4722 WHA

### V.

SEE ATTACHED LIST OF DEFENDANTS

**TO:** (Name and address of defendant)

THE CSL GROUP
759 VICTORIA SQUARE
MONTREAL
QUEBEC H2Y2K3
CANADA

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

TIMOTHY R. LORD, ESQ.
LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CA  94104
TELEPHONE: (415) 362-2580
FACSIMILE: (415) 434-0882
E-MAIL:  LORD@LBBSLAW.COM

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
  CLERK

DATE_____

_____
  (BY) DEPUTY CLERK

THE M/V CSL ACADIAN (IMO NO. 8009571), her engines, tackle, furniture, machinery, equipment and appurtenances and freights, etc., *in rem*;

CSL INTERNATIONAL, INC., *in personam*;

THE CSL GROUP, *in personam*;

CANADA STEAMSHIP LINES, *in personam*; and

FB SHIPPING, INC., *in personam*.

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

COMPANIA MINERA CAOPAS, S.A. de C.V.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  C 070 4722 WHA

### V.

SEE ATTACHED LIST OF DEFENDANTS

TO: (Name and address of defendant)

CANADA STEAMSHIP LINES
759 VICTORIA SQUARE
MONTREAL
QUEBEC H2Y2K3
CANADA

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

TIMOTHY R. LORD, ESQ.
LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CA  94104
TELEPHONE: (415) 362-2580
FACSIMILE: (415) 434-0882
E-MAIL:  LORD@LBBSLAW.COM

an answer to the complaint which is herewith served upon you, within  *20*  days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE_____

_____
(BY) DEPUTY CLERK

THE M/V CSL ACADIAN (IMO NO. 8009571), her engines, tackle, furniture, machinery, equipment and appurtenances and freights, etc., *in rem*;

CSL INTERNATIONAL, INC., *in personam*;

THE CSL GROUP, *in personam*;

CANADA STEAMSHIP LINES, *in personam*; and

FB SHIPPING, INC., *in personam*.

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

COMPANIA MINERA CAOPAS, S.A. de C.V.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  C 070 4722 WHA

**V.**

SEE ATTACHED LIST OF DEFENDANTS

TO: (Name and address of defendant)

FB SHIPPING, INC.
PARKER HOUSE
WILDY BUSINESS PARK
WILDY ROAD
ST. MICHAEL, BARBADOS

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

TIMOTHY R. LORD, ESQ.
LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CA  94104
TELEPHONE: (415) 362-2580
FACSIMILE: (415) 434-0882
E-MAIL:  LORD@LBBSLAW.COM

an answer to the complaint which is herewith served upon you, within *20* days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE_____

_____
(BY) DEPUTY CLERK

THE M/V CSL ACADIAN (IMO NO. 8009571), her engines, tackle, furniture, machinery, equipment and appurtenances and freights, etc., *in rem*;

CSL INTERNATIONAL, INC., *in personam*;

THE CSL GROUP, *in personam*;

CANADA STEAMSHIP LINES, *in personam*; and

FB SHIPPING, INC., *in personam.*

1  TIMOTHY R. LORD, SB# 213062
       E-Mail: lord@lbbslaw.com
2  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone:    (415) 362-2580
4  Facsimile:    (415) 434-0882

5  Attorneys for Plaintiff
   COMPANIA MINERA CAOPAS, S.A. de C.V.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  COMPANIA MINERA CAOPAS, S.A. de      )  CASE NO. C 07-04722 WHA
    C.V.,                                )
13                                       )
                  Plaintiff,             )  *AMENDED* **VERIFIED COMPLAINT**
14                                       )  *IN REM* AND *IN PERSONAM*
           v.                            )
15                                       )  **IN ADMIRALTY**
    THE M/V CSL ACADIAN (IMO NO.8009571),)  **RULE 9(h), FED. R. CIV. P.**
16  HER ENGINES, TACKLE, FURNITURE,      )
    MACHINERY, EQUIPMENT AND             )
17  APPURTENANCES AND FREIGHTS, ETC.,    )
    *in rem*; and CSL INTERNATIONAL, INC.,)
18  THE CSL GROUP; CANADA STEAMSHIP      )
    LINES; FB SHIPPING, INC.; *in personam*;)
19                                       )
                  Defendants.            )
20  _____  )
                                         )
21

22      **COMES NOW** Plaintiff COMPANIA MINERA CAOPAS, S.A. de C.V. (hereinafter

23  "CMC") and alleges:

24                    **JURISDICTION**

25      1.      This Amended Verified Complaint sets forth an admiralty and maritime claim

26  within the meaning of Rule 9(h), Federal Rules of Civil Procedure arising from an allision on

27  navigable waters.

28  / / /

1    TIMOTHY R. LORD, SB# 213062
        E-Mail: lord@lbbslaw.com
2    **LEWIS BRISBOIS BISGAARD & SMITH** LLP
     One Sansome Street, Suite 1400
3    San Francisco, California 94104
     Telephone:    (415) 362-2580
4    Facsimile:    (415) 434-0882

5    Attorneys for Plaintiff
     COMPANIA MINERA CAOPAS, S.A. de C.V.

6

7

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12    COMPANIA MINERA CAOPAS, S.A. de      )   CASE NO. C 07-04722 WHA
      C.V.,                                )
13                                         )
                Plaintiff,                 )   ***AMENDED* VERIFIED COMPLAINT**
14                                         )   ***IN REM* AND *IN PERSONAM***
           v.                              )
15                                         )   **IN ADMIRALTY**
      THE M/V CSL ACADIAN (IMO NO.8009571),)  **RULE 9(h), FED. R. CIV. P.**
16    HER ENGINES, TACKLE, FURNITURE,      )
      MACHINERY, EQUIPMENT AND             )
17    APPURTENANCES AND FREIGHTS, ETC.,    )
      *in rem*; and CSL INTERNATIONAL, INC.,)
18    THE CSL GROUP; CANADA STEAMSHIP      )
      LINES; FB SHIPPING, INC.; *in personam*;)
19                                         )
                Defendants.                )
20    _____)
                                           )
21

22          **COMES NOW** Plaintiff COMPANIA MINERA CAOPAS, S.A. de C.V. (hereinafter

23    "CMC") and alleges:

24                              __JURISDICTION__

25          1.      This Amended Verified Complaint sets forth an admiralty and maritime claim

26    within the meaning of Rule 9(h), Federal Rules of Civil Procedure arising from an allision on

27    navigable waters.

28    / / /

      4819-8595-3281.1                    -1-
      *AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM

1        2.     This Court has admiralty subject matter jurisdiction pursuant to 28 U.S.C.

2  §1333(1).

3  2.     3.    *In rem* defendant the M/V CSL ACADIAN is within this judicial district or will be

4  during the pendency of the action.

5        4.     *In personam* defendant CSL INTERNATIONAL, INC. is subject to personal

6  jurisdiction in this district.

7        5.     *In personam* defendant CANADA STEAMSHIP LINES is subject to personal

8  jurisdiction in this district.

9        6.     *In personam* defendant THE CSL GROUP is subject to personal jurisdiction in this

10  district.

11        7.     *In personam* defendant FB SHIPPING, INC. is subject to personal jurisdiction in

12  this district.

13        8.     *In personam* defendants CSL INTERNATIONAL, INC., THE CSL GROUP;

14  CANADA STEAMSHIP LINES and FB SHIPPING, INC. (hereinafter collectively "defendants")

15  are subject to personal jurisdiction in this district.

16                                **VENUE**

17        9.     Venue is proper in this district because the *in rem* defendant, the M/V CSL

18  ACADIAN, is now or will be present within this judicial district during the pendency of this

19  action.

20        10.    Venue is proper over defendants in this district in admiralty pursuant to Rule 82,

21  Fed R. Civ. P. and as further alleged in this Complaint.

22                        **GENERAL ALLEGATIONS**

23        11.    At all times set forth hereinafter CMC, was and still is a corporation established

24  under the laws of Mexico that owns and operates a gypsum quarry located in or near Santa

25  Rosalia, Baja California Sur, Mexico.

26        12.    CMC is in the business of exporting gypsum from a pier terminal it owns and

27  operates located in Punta Santa Maria near its gypsum quarry (hereinafter "CMC Terminal").

28  / / /

*AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM

13.     The CMC Terminal consists of a hydraulic "shiploader" conveyor system that juts out to the ship channel and moves across a 270 arc of connected supporting structures to accommodate different vessel berthing positions for loading gypsum into vessel holds.

14.     The CMC Terminal has six large mooring dolphins located at tangents to the arc of supporting structures that are used to hold fast vessels during berthing and loading operations.

15.     Upon information and belief *in rem* defendant M/V CSL ACADIAN is a Bahamian-flagged bulk carrier motor vessel in excess of 45,000 gross tons weight and 240 meters length built in 1982 (and rebuilt in 2006).

16.     Upon information and belief, at all times hereinafter set forth, the *in personam* defendant THE CSL GROUP owned or operated the M/V CSL ACADIAN.

17.     Upon information and belief, at all times hereinafter set forth, the *in personam* defendant CSL INTERNATIONAL, INC. owned or operated the M/V CSL ACADIAN.

18.     Upon information and belief, at all times hereinafter set forth, the *in personam* defendant CANADA STEAMSHIP owned or operated the M/V CSL ACADIAN.

19.     Upon information and belief, at all times hereinafter set forth, the *in personam* defendant FB SHIPPING, INC. owned or operated the M/V CSL ACADIAN.

20.     Upon information and belief, at all times hereinafter set forth, the *in personam* defendants owned or operated the M/V CSL ACADIAN.

21.     On May 27, 2007 the M/V CSL ACADIAN sailed from the port of San Marcos, Baja California Sur with a load of approximately 50,0000 tons of bulk materials on board to the CMC Terminal to load approximately 20,0000 tons of gypsum.

22.     On May 27, 2007, at approximately 10:00 p.m., the M/V CSL ACADIAN approached the CMC Terminal in calm seas and clear visibility with no wind or unexpected currents.

23.     On approach to the CMC Terminal, the M/V CSL ACADIAN allided with and otherwise destroyed and severely damaged CMC's mooring dolphin(s) and caused other structural damage to CMC Terminal structures.

///

*AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM

24.     CMC undertook immediate salvage and construction efforts to keep its Terminal minimally operational.

25.     Despite the temporary repairs, the Harbormaster of the Port of Rosalia issued an order to CMC instructing it to limited docking maneuver to certain vessel approaches and only in daylight for an indefinite period.

26.     CMC sent a letter to defendants demanding payment for the damages caused by the allision, including the cost of temporary repairs and related costs incurred, costs for permanent construction and repairs, and loss of use and other damages resulting from the allision.  No response was received.

## FIRST CAUSE OF ACTION

## (STATUTORY VIOLATIONS)

27.     Plaintiff refers to paragraphs 1 through 26, and incorporates those paragraphs as though set forth in full in this cause of action.

28.     The allision and resulting damages to the CMC Terminal was caused by the conduct of defendants and the M/V CSL ACADIAN in violation of the rules and standards contained in the International Regulations for Preventing Collisions at Sea, October 20, 1972, 28 U.S.T. 3459, codified at 33 U.S.C. § 1602, *et seq.* and other applicable laws and customs governing navigation.

## SECOND CAUSE OF ACTION

## (NEGLIGENCE AND UNSEAWORTHINESS)

29.     Plaintiff refers to paragraphs 1 through 28, and incorporates those paragraphs as though set forth in full in this cause of action.

29.     The allision and subsequent damage to the CMC Terminal was caused by defendants and the M/V CSL ACADIAN's breach of the duty of care and good seamanship; negligence;  negligence per se; unseaworthiness and other violations of applicable legal duties, standards and customs governing navigation and good seamanship.

/ / /

/ / /

4819-8595-3281.1                              -4-
*AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM

**DAMAGES**

30.    Plaintiff refers to paragraphs 1 through 29, and incorporates those paragraphs as though set forth in full in this cause of action.

31.    As a result of the allision, CMC has and will incur approximately $ 1,500,000 for temporary repairs to CMC Terminal structures, including costs of tug charter, engineering, procuring and installing temporary mooring buoys, surveys, reports to authorities, inspections, and other necessary expenses. *See* ¶ 4 and attached Exhibit A, Declaration of Ricardo E. Aguirre filed in Support of Verified Complaint (hereinafter "Aguirre Decl.") and incorporated herein by reference.

32.    As a result of the allision, CMC has and will incur approximately $ 4,100,000 in costs and expenses for permanent repairs to its Terminal structures. *See* ¶ 5 and Ex. B, Aguirre Decl.

33.    As a result of the allision, CMC has and will lose approximately $ 1,100,000 in consequential losses including lost profits and other revenue. *See* ¶ 6, Aguirre Decl.

34.    As a result of the allision, CMC will incur approximately $ 1,000,000 in interest and costs. *See* ¶ 7, Aguirre Decl.

**THIRD CAUSE OF ACTION**

**(ARREST PURSUANT SUPPLEMENTAL ADMIRALTY RULE C)**

35.    Plaintiff refers to paragraphs 1 through 34, and incorporates those paragraphs as though set forth in full in this cause of action.

36.    By virtue of the statutory violations and negligence of the M/V CSL ACADIAN and her owners, operators, agents and crew, and the unseaworthiness of the M/V CSL ACADIAN, CMC has maritime lien under general maritime law and a preferred maritime lien pursuant to § 31301(5)(B) of the Commercial Instruments and Maritime Liens Act (hereinafter "CIMLA"), 46 U.S.C. § 31301, *et seq*, enforceable *in rem* pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure.

/ / /

/ / /

37.     As a result of the foregoing, CMC has and will incurred losses of $8,000,000 as nearly as can be currently determined and continues to incur the loss of use of the aforesaid sum.

38.     The M/V CSL ACADIAN is liable *in rem* herein for all losses and damages sustained as alleged, together with interest and prejudgment interest plus all costs.

## FOURTH CAUSE OF ACTION

### (MARITIME ATTACHMENT - SUPPLEMENTAL ADMIRALTY RULE B)

39.     Plaintiff refers to paragraphs 1 through 38, and incorporates those paragraphs as though set forth in full in this cause of action.

40.     CMC has an *in personam* admiralty claim against defendants arising from a maritime tort.

41.     Upon information and belief plaintiff CMC alleges that defendants cannot be found within the jurisdiction of this court, but assets of defendants are, or will be, located within this District and within the jurisdiction of this Court, to wit: the M/V CSL ACADIAN, or other vessels, owned by defendants and in the charge of a master on board. *See* Declaration of Timothy R. Lord filed in Support of Verified Complaint and incorporated herein by reference.

42.     This property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and sold to satisfy the claim herein.

**WHEREFORE**, plaintiff CMC prays that;

1.     As permitted by and pursuant to the provisions of Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure and the procedures of this District Court, notice be given and a warrant be authorized and Ordered to issue against the vessel M/V CSL ACADIAN citing it to appear and answer this Verified Complaint;

2.     After due proceedings, a judgment *in rem* be entered against the vessel M/V CSL ACADIAN in the amount of $7,700,000 and other damages as proved at trial together with pre-judgment and post-judgement interest thereon, as well as plaintiff's costs and attorneys fees incurred in the suit and disbursements made as *custodia legis*;

/ / /

/ / /

*AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM

1      3.      Upon propr notice, and authorization and issuance of a warrant of arrest against the

2  M/V CSL ACADIAN, and following the entry of the aforesaid *in rem* judgment, the vessel be

3  condemned and sold to pay such judgment;

4      4.      Arrest, condemnation and sale be withheld at this time.

5      5.      Process according to the procedures of this Court issue against defendants and if

6  not found within this District, as stated in the Declaration of Timothy R. Lord filed herewith, that

7  all its property within this District be attached as set forth in this Verified Complaint, with interest

8  and costs;

9      6.      After due proceedings, a judgment *in personam* be entered against defendants in the

10  amount of $7,700,000 and other damages as proved at trial together with pre-judgment and post-

11  judgement interest thereon, as well as plaintiff's costs and attorneys fees incurred in the suit and

12  disbursements made as *custodia legis*;

13      7.      Pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil

14  Procedure, process of maritime attachment and garnishment issue against the M/V CSL

15  ACADIAN; and;

16      8.      Such attachment and garnishment be withheld at this time;

17      9.      Any other relief that this Court deems just and proper be granted.

19  DATED: October 18, 2007          LEWIS BRISBOIS BISGAARD & SMITH LLP

21          By /s/ Timothy R. Lord
22             Timothy R. Lord
               Attorneys for Plaintiff
23             COMPANIA MINERA CAOPAS, S.A. de C.V.

*AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM

1

**<u>VERIFICATION</u>**

2    I, RICARDO E. AGUIRRE, am employed by COMPANIA MINERA CAOPAS, S.A. de

3  C.V. as Vice President. I have read the foregoing amended complaint and know the contents

4  thereof and the same is true to my knowledge, except as to the matters therein stated on

5  information and belief, and as to those matters I believe it to be true.

6    In accordance with 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws

7  of the United States of America that the foregoing is true and correct. Executed on this 18th day

8  of October, 2007, at Baja California Sur, Mexico.

9

10                    /s/ Ricardo E. Aguirre
                     RICARDO E. AGUIRRE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4819-8595-3281.1

*AMENDED* VERIFIED COMPLAINT IN REM AND IN PERSONAM