TIMOTHY R. LORD, SB# 213062
E-Mail: lord@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone:   (415) 362-2580
Facsimile:   (415) 434-0882

Attorneys for Plaintiff
COMPANIA MINERA CAOPAS, S.A. de C.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMPANIA MINERA CAOPAS, S.A. de C.V., <br><br> Plaintiff, <br><br> v. <br><br> THE M/V CSL ACADIAN (IMO NO.8009571), HER ENGINES, TACKLE, FURNITURE, MACHINERY, EQUIPMENT AND APPURTENANCES AND FREIGHTS, ETC., *in rem*; and CSL INTERNATIONAL, INC., THE CSL GROUP; CANADA STEAMSHIP LINES; FB SHIPPING, INC., CSL SELF-UNLOADER INVESTMENTS LTD.; V. SHIPS (U.K.), LTD.; V. SHIPS COMMERCIAL LIMITED; *in personam*; <br><br> Defendants. | CASE NO. C 07-04722 WHA <br><br> **IN ADMIRALTY** <br><br> **REQUEST FOR LEAVE TO AMEND PLEADING TO ADD DEFENDANTS CSL SELF-UNLOADER INVESTMENTS LTD., V. SHIPS (U.K.), LTD., V. SHIPS COMMERCIAL LIMITED AND TO CLARIFY STATUS; DECLARATION OF TIMOTHY R. LORD IN SUPPORT THEREOF** |

I.   **INTRODUCTION**

Plaintiff COMPANIA MINERA CAOPAS, S.A. de C.V. (hereinafter" CMC") requests this Court issue an Order in the form of that proposed and filed herewith granting leave to amend its pleading to add three additional defendants recently confirmed to have either a beneficial or operational or other interest in the M/V CSL ACADIAN (hereinafter "Vessel") and to clarify status. The proposed Second Amended Complaint is attached hereto as Exhibit A.

In order to clarify the language in the general allegations section of the amended pleading, plaintiff also seeks to amend the description of each defendant from "owned or operated the M/V

CSL ACADIAN" to "directly or indirectly owned, operated, managed, chartered or otherwise had a beneficial interest in or controlled the M/V CSL ACADIAN." Also, CMC seeks to amend to add "Inc." to Defendant "THE CSL GROUP."

## II.  BACKGROUND AND RELEVANT FACTS

This admiralty action for property damage resulting from an allision between a vessel and a terminal was originally filed by CMC on September 13, 2007 against the Vessel *in rem* and defendants CSL INTERNATIONAL, INC., CANADA STEAMSHIP LINES and THE CSL GROUP *in personam* as owners or operators (hereinafter "CSL Defendants").

On October 4, 2007, the undersigned counsel mailed to identified New York counsel for the CSL Defendants a letter Notice of Commencement of Action and Request for Waiver of Service of Summons. *See* Exhibit A, Declaration of Timothy R. Lord (hereinafter "Lord Del."). Later, the undersigned was informed that the insurers of the M/V CSL ACADIAN had appointed Keesal Young & Logan as its Local Counsel in the case. Meanwhile, CMC identified FB Shipping, Inc. as the ostensible "owner" of the Vessel and on October 18 filed an Amended Complaint to add that entity as an additional party as a matter of right pursuant to Rule 15(a), Fed. R. Civ. P. Having received no response from either New York or Local Counsel regarding its service waiver request for the CSL Defendants, CMC effected personal service on CSL, International, Inc. on October 29 at is corporate offices in Boston, Massachussets.

Subsequently, the insurers of the Vessel issued a Letter of Undertaking in the amount of $7,700,000 in lieu of *im rem* service of process by arrest. On November 1, 2007, pursuant to the terms of the Letter of Undertaking, FB Shipping, Inc. made a Restricted Appearance and filed a Claim of Owner on behalf of the Vessel. On November 2, 2007, Local Counsel communicated to the undersigned a desire to discuss the "proper parties" and service issues. No such discussion occurred and on November 14 the undersigned counsel mailed a letter Notice of Commencement of Action and Request for Waiver of Service of Summons to FB Shipping, Inc. through Local Counsel Ex. B, Lord Decl. On that same day, FB Shipping, Inc., as required by the Supplemental Admiralty Rules, filed an Answer on behalf of the Vessel, and claimed jurisdictional and other liability defenses for itself and the Vessel. On November 20, 2007, CSL International, Inc. filed a "limited

appearance" and Answer to the Amended Complaint also asserting jurisdictional defenses and claiming no responsibility for the Vessel.

Having received no further information from Local Counsel concerning the "proper parties," or any response regarding the outstanding service waiver requests, CMC undertook to obtain the corporate addresses of foreign defendants the CSL Group, Canada Steamship Lines and FB Shipping, Inc and on December 20, 2007 filed its Request for Authorization of Service of Process of Summons and Complaint upon Foreign Defendants by Clerk of the Court which was granted by this Court the next day.

With the assistance of the undersigned, on January 3, 2008 the Clerk of Court effected service by mailing to each of the foreign defendants named in the Amended Complaint, including, in an abundance of caution, CSL International, Inc. at its listed foreign address.

CMC has now confirmed through further investigation and obtaining insurance records that three additional foreign entities also may have beneficial interests in the Vessel either by ownership (direct or otherwise), charter, management, operation or control during the relevant time periods. The investigation also clarified the incorporation status of The CSL Group. Specifically, CSL Self-Unloader Investments, Ltd., V. Ships (U.K.) and V. Ships Commercial Limited. Ex. C, Lord Decl. For the reasons stated below, CMC files this Request to add three additional parties.

### III. ANALYSIS

In its Case Management Order issued on December 21, 2007, this Court set a deadline of January 31, 2008 for the parties to request leave to add new parties or amend pleadings. As such, this Request is timely.

Federal Rule 15 (a) provides in relevant part: "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* On January 18, 2008 the undersigned contacted Local Counsel seeking the consent of any represented adverse parties to this Request. Local Counsel responded on January 21 by proposing again to discuss the proper parties and service issues later in the week.

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court stated:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*; *see Eminence Capital, LLC. V. Aspeon, Inc.* 316 F.3d 1048, 1051 (9th Cir. 2003). The *Foman* Court identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Id.* at 182.

The Ninth Circuit in *Howey v. United States,* 481 F.2d 1187, 1991 (9th Cir. 1973), concluded that delay alone, no matter how lengthy, is an insufficient ground for denial of leave to amend. "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *See also, United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

A.  **CMC Acted in Good Faith and Without Undue Delay or Dilatory Motive**

CMC has at all times acted in good faith and without undue delay or dilatory motive in regards to its efforts to identify, sue and serve the proper parties. CMC sent the appropriate service waiver requests to the CSL Defendants and amended its Complaint upon learning through independent investigation of the name of the ostensible Vessel owner, FB Shipping, Inc and promptly issued a request for service waiver. After receiving no response to its requests, or any follow up discussion with Local Counsels regarding the "proper parties," CMC served CSL International, Inc. at its headquarters in Boston. Through its own diligent investigation efforts,

1  CMC obtained the addresses of each of the foreign defendants and then took the appropriate
2  measures to initiate service by the Clerk of Court.
3        In light of the jurisdictional and other defenses to liability raised by the responding parties in
4  their "restricted" and "limited" appearances, CMC conducted further investigation and determined
5  the identity and address of the three proposed additional parties with confirmed beneficial interest in
6  the Vessel, whether direct or indirect, operational or otherwise.
7        In response to notification by the undersigned of the intent to file this Request, Local
8  Counsel once again offered to discuss the proper parties at a future date, but did not identify which,
9  if any, of the three proposed additional parties or current named defendants have an interest in the
10 Vessel. Accordingly, this Request to name the additional parties is made in good faith and without
11 undue delay or dilatory motive.

### B.   No Adverse Party will be Prejudiced

13    By receipt of this Court's Order of December 21, 2007 setting out January 31 as the last day
14 to amend pleadings, the parties making their restricted and limited appearances had notice that CMC
15 was allowed to amend its pleadings. As such, the timing of this Request is not prejudicial to them.
16 Further, the three proposed additional parties would likely have received notice of the deadline as
17 well through counsel appointed by their mutual insurer or from related entities.
18    To the extent FB Shipping, Inc. and CSL International, Inc. have raised jurisdictional and
19 other complete defenses to liability, the addition of potentially responsible parties would only serve
20 to their benefit (as opposed to that of their mutual insurer). Although Initial Disclosures have been
21 exchanged, no discovery has been undertaken by either party. Accordingly, no adverse party will be
22 prejudiced by this Request to name additional parties.

### C.   This Request is not Futile

24    Although a Letter of Undertaking was issued on behalf of the *in rem* defendant Vessel, the
25 ostensible owner has raised numerous jurisdictional defenses on its behalf and that of the Vessel.
26 Further, while CSL International, Inc. has made a limited appearance to file an Answer, it too denies
27 any responsibility for the Vessel. The other CSL defendants, although served y the Clerk of Court
28 on January 3, have yet to make appearances. As such, it is a triable issue of fact as to what entity or

4840-4439-1682.1                                -5-
**REQUEST FOR LEAVE TO AMEND PLEADING TO ADD DEFENDANTS**
**CSL SELF-UNLOADER INVESTMENTS LTD., V. SHIPS (U.K.), LTD., V. SHIPS COMMERCIAL LIMITED**

1  entities are responsible for the Vessel whether as owner(s) (direct or indirect) operator(s) or those
2  otherwise in control at the time of the allision.
3        Well-established maritime law recognizes joint and several liability as well as comparative
4  fault amongst owners, operators and others or others exerting control of an offending vessel. *See*
5  *Generally, Chan v. Society Expeditions, Inc.*, 123 F.3d 1287 (9th Cir. 1997). Further, maritime law
6  recognizes the doctrine of piercing the corporate veil to expose corporate fictions meant to
7  unlawfully obscure responsibility. *Id.* Finally, as of this writing, Local Counsel has not identified
8  entities - other than FB Shipping, Inc. - who are or may be even potentially responsible for the
9  Vessel at the time of the allision. Accordingly, amending the pleadings to add parties and clarify
10  potential status will not be futile.

11  **IV. <u>CONCLUSION</u>**

12        For the foregoing reasons, this Request for Leave to Amend should be granted and the
13  Second Amended Complaint filed concurrently herewith should be deemed filed.

14  DATED: January 23, 2008      LEWIS BRISBOIS BISGAARD & SMITH LLP

16      By    /s/
17      Timothy R. Lord
    Attorneys for Plaintiff
18      COMPANIA MINERA CAOPAS, S.A. de C.V.