# EXHIBIT A

## REQUEST FOR LEAVE TO AMEND
## PLEADING TO ADD DEFENDANTS

TIMOTHY R. LORD, SB# 213062
   E-Mail: lord@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone:    (415) 362-2580
Facsimile:     (415) 434-0882

Attorneys for Plaintiff
COMPANIA MINERA CAOPAS, S.A. de C.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMPANIA MINERA CAOPAS, S.A. de C.V., | CASE NO. C 07-04722 WHA |
| Plaintiff, | ***SECOND AMENDED* VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*** |
| v. | |
| THE M/V CSL ACADIAN (IMO NO.8009571), HER ENGINES, TACKLE, FURNITURE, MACHINERY, EQUIPMENT AND APPURTENANCES AND FREIGHTS, ETC., *in rem*; and CSL INTERNATIONAL, INC., THE CSL GROUP, INC.; CANADA STEAMSHIP LINES; FB SHIPPING, INC., CSL SELF-UNLOADER INVESTMENTS LTD.; V. SHIPS (U.K.), LTD.; V. SHIPS COMMERCIAL LIMITED; *in personam*; | **IN ADMIRALTY RULE 9(h), FED. R. CIV. P.** |
| Defendants. | |

    **COMES NOW** Plaintiff COMPANIA MINERA CAOPAS, S.A. de C.V. (hereinafter "CMC") and alleges:

## JURISDICTION

    1.    This Second Amended Verified Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure arising from an allision on navigable waters.

1        2.     This Court has admiralty subject matter jurisdiction pursuant to 28 U.S.C.

2  §1333(1).

3  2.     3.    *In rem* defendant the M/V CSL ACADIAN is within this judicial district or will be

4  during the pendency of the action.

5        4.     *In personam* defendant CSL INTERNATIONAL, INC. is subject to personal

6  jurisdiction in this district.

7        5.     *In personam* defendant CANADA STEAMSHIP LINES is subject to personal

8  jurisdiction in this district.

9        6.     *In personam* defendant THE CSL GROUP, INC. is subject to personal jurisdiction

10  in this district.

11        7.     *In personam* defendant FB SHIPPING, INC. is subject to personal jurisdiction in

12  this district.

13        8.     *In personam* defendant CSL SELF-UNLOADER INVESTMENTS, LTD. is subject

14  to personal jurisdiction in this district.

15        9.     *In personam* defendant V. SHIPS (U.K.), LTD. is subject to personal jurisdiction in

16  this district.

17        10.     *In personam* defendant V. SHIPS COMMERCIAL LIMITED is subject to personal

18  jurisdiction in this district.

19        11.     *In personam* defendants CSL INTERNATIONAL, INC., THE CSL GROUP, INC.,

20  CANADA STEAMSHIP LINES, FB SHIPPING, INC., CSL SELF-UNLOADER

21  INVESTMENTS, LTD., V. SHIPS (U.K.), LTD. and V. SHIPS COMMERCIAL LIMITED

22  (hereinafter collectively "defendants") are subject to personal jurisdiction in this district.

23                                                **VENUE**

24        12.   Venue is proper in this district because the *in rem* defendant, the M/V CSL

25  ACADIAN, is now or will be present within this judicial district during the pendency of this

26  action.

27        13.     Venue is proper over defendants in this district in admiralty pursuant to Rule 82,

28  Fed. R. Civ. P. and as further alleged in this Complaint.

**SECOND AMENDED VERIFIED COMPLAINT IN REM AND IN PERSONAM**

1

**GENERAL ALLEGATIONS**

2        14.    At all times set forth hereinafter CMC, was and still is a corporation established

3    under the laws of Mexico that owns and operates a gypsum quarry located in or near Santa

4    Rosalia, Baja California Sur, Mexico.

5        15.    CMC is in the business of exporting gypsum from a pier terminal it owns and

6    operates located in Punta Santa Maria near its gypsum quarry (hereinafter "CMC Terminal").

7        16.    The CMC Terminal consists of a hydraulic "shiploader" conveyor system that juts

8    out to the ship channel and moves across a 270 arc of connected supporting structures to

9    accommodate different vessel berthing positions for loading gypsum into vessel holds.

10       17.    The CMC Terminal has six large mooring dolphins located at tangents to the arc of

11   supporting structures that are used to hold fast vessels during berthing and loading operations.

12       18.    Upon information and belief *in rem* defendant M/V CSL ACADIAN is a

13   Bahamian-flagged bulk carrier motor vessel in excess of 45,000 gross tons weight and 240 meters

14   length built in 1982 (and rebuilt in 2006).

15       19.    Upon information and belief, at all times hereinafter set forth, the *in personam*

16   defendant THE CSL GROUP, INC. directly of indirectly owned, operated, managed, chartered or

17   otherwise had a beneficial interest in or controlled the M/V CSL ACADIAN.

18       20.    Upon information and belief, at all times hereinafter set forth, the *in personam*

19   defendant CSL INTERNATIONAL, INC. directly or indirectly owned, operated, managed,

20   chartered or otherwise had a beneficial interest in or controlled the M/V CSL ACADIAN.

21       21.    Upon information and belief, at all times hereinafter set forth, the *in personam*

22   defendant CANADA STEAMSHIP directly or indirectly owned, operated, chartered or otherwise

23   had a beneficial interest in or controlled the M/V CSL ACADIAN.

24       22.    Upon information and belief, at all times hereinafter set forth, the *in personam*

25   defendant FB SHIPPING, INC. directly or indirectly owned, operated, managed, chartered or

26   otherwise had a beneficial interest in or controlled the M/V CSL ACADIAN.

27   / / /

28   / / /

1    23.    Upon information and belief, at all times hereinafter set forth, the *in personam*

2    defendant V. SHIPS COMMERCIAL LIMITED directly or indirectly owned, operated, managed,

3    chartered or otherwise had a beneficial interest in or controlled the M/V CSL ACADIAN.

4    24.    Upon information and belief, at all times hereinafter set forth, the *in personam*

5    defendant V. SHIPS (U.K.), LTD. directly or indirectly owned, operated, managed, chartered or

6    otherwise had a beneficial interest in or controlled the M/V CSL ACADIAN.

7    25.    Upon information and belief, at all times hereinafter set forth, the *in personam*

8    defendant CSL SELF-UNLOADER INVESTMENTS, LTD. directly or indirectly owned,

9    operated, managed, chartered or otherwise had a beneficial interest in or controlled the M/V CSL

10   ACADIAN.

11   26.    Upon information and belief, at all times hereinafter set forth, the *in personam*

12   defendants owned or operated the M/V CSL ACADIAN.

13   27.    On May 27, 2007 the M/V CSL ACADIAN sailed from the port of San Marcos,

14   Baja California Sur with a load of approximately 50,000 tons of bulk materials on board to the

15   CMC Terminal to load approximately 20,000 tons of gypsum.

16   28.    On May 27, 2007, at approximately 10:00 p.m., the M/V CSL ACADIAN

17   approached the CMC Terminal in calm seas and clear visibility with no wind or unexpected

18   currents.

19   29.    On approach to the CMC Terminal, the M/V CSL ACADIAN allided with and

20   otherwise destroyed and severely damaged CMC's mooring dolphin(s) and caused other structural

21   damage to CMC Terminal structures.

22   30.    CMC undertook immediate salvage and construction efforts to keep its Terminal

23   minimally operational.

24   31.    Despite the temporary repairs, the Harbormaster of the Port of Rosalia issued an

25   order to CMC instructing it to limited docking maneuver to certain vessel approaches and only in

26   daylight for an indefinite period.

27   32.    CMC sent a letter to defendants demanding payment for the damages caused by the

28   allision, including the cost of temporary repairs and related costs incurred, costs for permanent

1    construction and repairs, and loss of use and other damages resulting from the allision.  No

2    response was received.

### FIRST CAUSE OF ACTION

### (STATUTORY VIOLATIONS)

5    33.    Plaintiff refers to paragraphs 1 through 32, and incorporates those paragraphs as

6    though set forth in full in this cause of action.

7    34.    The allision and resulting damages to the CMC Terminal was caused by the

8    conduct of defendants and the M/V CSL ACADIAN in violation of the rules and standards

9    contained in the International Regulations for Preventing Collisions at Sea, October 20, 1972, 28

10   U.S.T. 3459, codified at 33 U.S.C. § 1602, *et seq*. and other applicable laws and customs

11   governing navigation.

### SECOND CAUSE OF ACTION

### (NEGLIGENCE AND UNSEAWORTHINESS)

14   35.    Plaintiff refers to paragraphs 1 through 34, and incorporates those paragraphs as

15   though set forth in full in this cause of action.

16   36.    The allision and subsequent damage to the CMC Terminal was caused by

17   defendants and the M/V CSL ACADIAN's breach of the duty of care and good seamanship;

18   negligence; negligence per se; unseaworthiness and other violations of applicable legal duties,

19   standards and customs governing navigation and good seamanship.

### DAMAGES

21   37.    Plaintiff refers to paragraphs 1 through 36, and incorporates those paragraphs as

22   though set forth in full in this cause of action.

23   38.    As a result of the allision, CMC has and will incur approximately

24   $ 1,500,000 for temporary repairs to CMC Terminal structures, including costs of tug charter,

25   engineering, procuring and installing temporary mooring buoys, surveys, reports to authorities,

26   inspections, and other necessary expenses. *See* ¶ 4 and attached Exhibit A, Declaration of Ricardo

27   E. Aguirre filed in Support of Second Amended Verified Complaint (hereinafter "Aguirre Decl.")

28   and incorporated herein by reference.

**SECOND AMENDED VERIFIED COMPLAINT IN REM AND IN PERSONAM**

1     39.     As a result of the allision, CMC has and will incur approximately $ 4,100,000 in

2 costs and expenses for permanent repairs to its Terminal structures. *See* ¶ 5 and Ex. B, Aguirre

3 Decl.

4     40.     As a result of the allision, CMC has and will lose approximately $ 1,100,000 in

5 consequential losses including lost profits and other revenue. *See* ¶ 6, Aguirre Decl.

6     41.     As a result of the allision, CMC will incur approximately $ 1,000,000 in interest

7 and costs. *See* ¶ 7, Aguirre Decl.

8 **THIRD CAUSE OF ACTION**

9 **(ARREST PURSUANT SUPPLEMENTAL ADMIRALTY RULE C)**

10     42.     Plaintiff refers to paragraphs 1 through 41, and incorporates those paragraphs as

11 though set forth in full in this cause of action.

12     43.     By virtue of the statutory violations and negligence of the M/V CSL ACADIAN

13 and her owners, operators, agents and crew, and the unseaworthiness of the M/V CSL ACADIAN,

14 CMC has maritime lien under general maritime law and a preferred maritime lien pursuant to

15 § 31301(5)(B) of the Commercial Instruments and Maritime Liens Act (hereinafter "CIMLA"), 46

16 U.S.C. § 31301, *et seq*, enforceable *in rem* pursuant to Supplemental Admiralty Rule C of the

17 Federal Rules of Civil Procedure.

18     44.     As a result of the foregoing, CMC has and will incurred losses of $8,000,000 as

19 nearly as can be currently determined and continues to incur the loss of use of the aforesaid sum.

20     45.     The M/V CSL ACADIAN is liable *in rem* herein for all losses and damages

21 sustained as alleged, together with interest and prejudgment interest plus all costs.

22 **FOURTH CAUSE OF ACTION**

23 **(MARITIME ATTACHMENT - SUPPLEMENTAL ADMIRALTY RULE B)**

24     46.     Plaintiff refers to paragraphs 1 through 45, and incorporates those paragraphs as

25 though set forth in full in this cause of action.

26     47.     CMC has an *in personam* admiralty claim against defendants arising from a

27 maritime tort.

28

**SECOND AMENDED VERIFIED COMPLAINT IN REM AND IN PERSONAM**

1       48.     Upon information and belief plaintiff CMC alleges that defendants cannot be found

2  within the jurisdiction of this court, but assets of defendants are, or will be, located within this

3  District and within the jurisdiction of this Court, to wit: the M/V CSL ACADIAN, or other

4  vessels, owned by defendants and in the charge of a master on board. *See* Declaration of Timothy

5  R. Lord filed in Support of Verified Complaint and incorporated herein by reference.

6       49.     This property may be attached pursuant to Supplemental Rule B of the Federal

7  Rules of Civil Procedure and sold to satisfy the claim herein.

8       **WHEREFORE**, plaintiff CMC prays that;

9       1.     As permitted by and pursuant to the provisions of Supplemental Admiralty Rule C

10  of the Federal Rules of Civil Procedure and the procedures of this District Court, notice be given

11  and a warrant be authorized and Ordered to issue against the vessel M/V CSL ACADIAN citing it

12  to appear and answer this Verified Complaint;

13       2.     After due proceedings, a judgment *in rem* be entered against the vessel M/V CSL

14  ACADIAN in the amount of $7,700,000 and other damages as proved at trial together with pre-

15  judgment and post-judgement interest thereon, as well as plaintiff's costs and attorneys fees

16  incurred in the suit and disbursements made as *custodia legis*;

17       3.     Upon propr notice, and authorization and issuance of a warrant of arrest against the

18  M/V CSL ACADIAN, and following the entry of the aforesaid *in rem* judgment, the vessel be

19  condemned and sold to pay such judgment;

20       4.     Arrest, condemnation and sale be withheld at this time.

21       5.     Process according to the procedures of this Court issue against defendants and if

22  not found within this District, as stated in the Declaration of Timothy R. Lord filed herewith, that

23  all its property within this District be attached as set forth in this Verified Complaint, with interest

24  and costs;

25       6.     After due proceedings, a judgment *in personam* be entered against defendants in the

26  amount of $7,700,000 and other damages as proved at trial together with pre-judgment and post-

27  judgement interest thereon, as well as plaintiff's costs and attorneys fees incurred in the suit and

28  disbursements made as *custodia legis*;

**SECOND AMENDED VERIFIED COMPLAINT IN REM AND IN PERSONAM**

1    7.    Pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil

2  Procedure, process of maritime attachment and garnishment issue against the M/V CSL

3  ACADIAN; and;

4    8.    Such attachment and garnishment be withheld at this time;

5    9.    Any other relief that this Court deems just and proper be granted.

6

7  DATED:  January 23, 2008                LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9                            By /s/ Timothy R. Lord
                                Timothy R. Lord
10                               Attorneys for Plaintiff
                                COMPANIA MINERA CAOPAS, S.A. de C.V.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED VERIFIED COMPLAINT IN REM AND IN PERSONAM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>VERIFICATION</u>

I, RICARDO E. AGUIRRE, am employed by COMPANIA MINERA CAOPAS, S.A. de C.V. as Vice President.  I have read the foregoing amended complaint and know the contents thereof and the same is true to my knowledge, except as to the matters therein stated on information and belief, and as to those matters I believe it to be true.

In accordance with 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 23rd day of January 2008, at Baja California Sur, Mexico.

/s/ Ricardo E. Aguirre
RICARDO E. AGUIRRE

4826-1360-9986.1

**SECOND AMENDED VERIFIED COMPLAINT IN REM AND IN PERSONAM**